Vanaskie,
Dissenting
I.
I respectfully dissent because I disagree with the Majority’s conclusion that Young has not made the requisite showing to withstand summary judgment. Indeed, I find that the same evidence that the Majority finds sufficient to support a rational inference of causation on the plaintiffs pri-ma facie case of retaliation is adequate to support an inference that unlawful retaliation was the but-for cause of the adverse employment actions taken against Young. Accordingly, I would reverse the order of the District Court and remand the case for trial.
II.
The Majority properly concluded that Young proffered sufficient evidence to support a prima facie case of retaliation. First, she engaged in a protected activity by filing a complaint with the Department’s EEO unit on April 18, 2010. See Moore v. City of Phila., 461 F.3d 331, 341 (3d Cir. 2006). Second, the demerits Young received after making her complaint and her ultimate termination both qualify as materially adverse employment actions because they are the type of actions that “well might have dissuaded a reasonable worker *100 from making or supporting a charge of discrimination.” Id. (quoting Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006)). Finally, there is a causal connection between Young’s complaint and the adverse employment actions because the eight-day period between Young’s EEO complaint and her receipt of seven demerits for insubordination is an “unusually suggestive” temporal proximity. See Leboon v. Lancaster Jewish Cmty. Ctr. Ass’n, 503 F.3d 217, 232 (3d Cir. 2007) (“Where the temporal proximity between the protected activity and the adverse action is unusually suggestive, it is sufficient standing alone to create an inference of causality and defeat summary judgment.” (internal quotation marks omitted)); Lichtenstein v. Univ. of Pittsburgh Med. Ctr., 691 F.3d 294, 307 (3d Cir. 2012) (seven days held to be “unusually suggestive”); Doe v. C.A.R.S. Prot. Plus, Inc., 527 F.3d 358, 369 (3d Cir. 2008) (four days); Shellenberger v. Summit Bancorp, Inc., 318 F.3d 183, 189 (3d Cir. 2003) (ten days); Jalil v. Avdel Corp., 873 F.2d 701, 708 (3d Cir. 1989) (two days).
Moreover, drawing all inferences in Young’s favor, Young presented evidence showing a pattern of antagonism after she filed her EEO complaint. See Robinson v. Se. Pa. Transp. Auth., 982 F.2d 892, 895 (3d Cir. 1993) (causation can be established through a “pattern of antagonism” such as a “constant barrage of written and verbal warnings ... and disciplinary action[s] ... soon after plaintiffs initial complaints.”). In the two months that Young worked at the Department prior to filing her EEO complaint, Young was disciplined only once for the minor infraction of not having her license at roll call. She received no demerits and only one duty day. In the two months following her EEO complaint, however, Young was disciplined at least ten times, receiving thirteen demerits and fourteen duty days. As the Majority points out, many of the incidents involved minor infractions, such as congregating in the hallway, wearing her tie too short, and carrying a gym bag that resembled a purse.[1] Although some of the incidents did not result in demerits or duty days, they do tend to show that Young was subjected to more intense scrutiny following her EEO complaint. And Young was pushed over the allowable limit for demerits as a direct result of having filed a complaint that resulted in an investigation. Accordingly, as the Majority concludes, the District Court erred in holding that Young had failed to produce evidence sufficient to support an inference of causation on the question of whether she could show a pri-ma facie case of retaliation.
“If the employee establishes this prima facie case of retaliation, the familiar McDonnell Douglas approach applies in which ‘the burden shifts to the employer to advance a legitimate, non-retaliatory reason’ for its conduct.” Moore, 461 F.3d at 342 (quoting Krouse v. Am. Sterilizer Co., 126 F.3d 494, 500-01 (3d Cir. 1997)). Again, I agree with the Majority that the Department carried its burden by asserting that it issued Young demerits because of Young’s repeated rule violations and ultimately dismissed her because she accrued more than fifteen demerits. The Department’s proffer shifts the burden back to Young, who can now only prevail on her retaliation claim if she ultimately shows “by a preponderance of the evidence, that ‘the employer’s proffered explanation was false, and that retaliation was the real reason for the adverse employment ac *101 tion.’” Marra v. Phila. Hous. Auth., 497 F.3d 286, 300-01 (quoting Moore, 461 F.3d at 342). In other words, Young must convince the factfinder that unlawful retaliation was the but-for cause of the adverse employment action. See Univ. of Tex. Sw. Med. Ctr. v. Nassar, — U.S. -, 133 S.Ct. 2517, 2533, 186 L.Ed.2d 503 (2013).
At the summary judgment stage, however, a plaintiffs claim will survive so long as the plaintiff proffers some evidence, “direct or circumstantial, from which a fact-finder could reasonably either (1) disbelieve the employer’s articulated legitimate reasons; or (2) believe that an invidious [retaliatory] reason was more likely than not a ... determinative cause of the employer’s action.” Daniels v. Sch. Dist. of Phila., 776 F.3d 181, 198-99 (3d Cir. 2015) (quoting Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994)); see also Moore, 461 F.3d at 342; Krouse, 126 F.3d at 501; Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1085-86 (3d Cir. 1996). If the plaintiff makes this showing, summary judgment is inappropriate because the plaintiff has raised “a factual issue regarding the employer’s true motivation for discharge.” Jalil, 873 F.2d at 707.
I believe that Young has made such a showing here. In addition to the “unusually suggestive” temporal proximity and pattern of antagonism discussed in the prima facie analysis,[2] Young also presented evidence that: (1) Captain William Maye “didn’t understand” why Young received so many demerits for her first insubordination violation and that he had “never seen something like that- before,” Supp. App. 49; (2) Leon Telesford, a recruit who had not filed an EEO complaint, only received two demerits compared to Young’s seven for engaging in similar insubordination; and (3) the Department’s investigation revealed that multiple recruits admitted to making fun of Cham-berlin and that Chamberlin admitted to using profanity in class, yet Young, the only recruit who filed an EEO complaint, was the sole individual who received any discipline.[3] See Supp. App. 137-44 (summarizing interviews conducted during the Department’s investigation). In my view, this evidence demonstrates the type of “weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions” that allow a factfinder to reasonably conclude that the Department’s stated reasons for its adverse employment actions are “unworthy of credence, and hence infer that the employer did not act for [the asserted non-retaliatory] reasons.”[4] Daniels, 776 *102 F.3d at 199 (quoting Ross v. Gilhuly, 755 F.3d 185, 194 n. 13 (3rd Cir.2014)).
In sum, Young has presented evidence from which a factfinder could reasonably conclude that retaliation for filing the EEO complaint was the but-for cause of the adverse employment actions taken against Young. Therefore, there is a material issue of fact as to the employer’s “true motivation for discharge,” a matter that is “within the sole province of the finder of fact and [cannot] be resolved on summary judgment.” Jalil, 873 F.2d at 707, 709. Accordingly, I would reverse the order of the District Court and remand for further proceedings.

. Notably, Young asserts that she had been carrying the same bag since she began working for the Department on February 22, 2010, yet was not reprimanded for using it until shortly after she filed her EEO complaint.

. "As our cases have recognized, almost in passing, evidence supporting the prima facie case is often helpful in the pretext stage and nothing about the McDonnell Douglas formula requires us to ration the evidence between one stage or the other.” Farrell v. Planters Lifesavers Co., 206 F.3d 271, 286 (3d Cir. 2000).

. In its response to interrogatories, the Department stated that "[u]pon information and belief, no one other than Plaintiff was disciplined or issued demerits as a result of the investigation into her complaints. Plaintiff was the only person whom the investigation revealed violated any policies or regulations.” Supp. App. 298.

.The Majority disregards the evidence of comparators because they found that Young had not put forth evidence that the comparator recruits "engaged in similar conduct” or "had disciplinary records similar to [Young’s.]” Majority Op. at 99. The Majority fails to explain, however, why similar disciplinary records are relevant when the Department’s Rules and Regulations manual expressly identifies the offenses for which a recruit’s prior disciplinary history should result in an increased penalty and the offenses that require only a warning for the first offense — none of which are implicated here. See Supp. App. 157, 168, 175. Moreover, the Department concedes in its brief that Teles-ford's insubordination was "similar to Ms. Young's.” Appellee’s Br. at 30.